DECISION.
On April 4, 1977, a fire caused extensive damage to a building that was occupied by Leggett Platt, Inc., pursuant to a lease with the building's owner, the Celotex division of the Jasper Corporation. As a result of the damage, Leggett Platt submitted a claim to its insurer, Arkwright Mutual Insurance Co., to recover, among other things, the amount of the fire loss to the building. Arkwright eventually issued full payment for the cash value of the building under the terms of its policy. The issue now before us in this appeal is whether a judge of the court of common pleas properly held, as a matter of law, that Arkwright was entitled to contribution for its payment of the building loss from two other insurers, Lexington Insurance Co. and Reliance Insurance Co., both of which, at the time of the fire, separately insured the lessor, Celotex, for casualty losses to the building. On the state of this record, it is clear that such a right of contribution existed and was appropriately given force against Lexington and Reliance, and, therefore, we affirm.
In Ohio, the right to contribution among insurers is recognized both in equity and by statute. National Fire Ins. Co. v. Dennison
(1916), 93 Ohio St. 404, 113 N.E. 260; R.C. 3929.26. But such a right may only be enforced in cases involving coinsurers or concurrent insurers. As the Dennison court stated, "In insurance law, the term `contribution' has a fixed, legal meaning, and arises between coinsurers only, permitting one who has paid the whole loss to obtain contribution from other insurers who are also liable therefor." Dennison, supra, at 410, 113 N.E. at 262. The linchpin for establishing concurrent liability among coinsurers is a showing that the respective coverages apply to the same property, insure against the same risk, and protect the same interest of the same insured. See, generally, 16 Couch on Insurance (2 Ed.Rev. 1983), Section 62:167 (specifically using the context of fire insurance); see, also, Buckeye Union Ins. Co. v.State Auto Mut. Ins. Co. (1977), 49 Ohio St.2d 213,361 N.E.2d 1052, syllabus.
In the first of their two assignments of error, Lexington and Reliance assert that the trial court enforced a right of contribution in favor of Arkwright on the basis of a legally erroneous holding that its insurance provided concurrent coverage in relation to the policies of Lexington and Reliance. For the following reasons, we disagree.
The respective policies in question were presented to the trial court and are properly a part of the record on appeal. It is clear on their face, from a reading of the applicable language in each policy, that they covered the same property (the building leased by Celotex to Leggett Platt), and that they insured against the same risk that produced the original claim for coverage (fire damage to the leased building). According to the primary argument advanced under the assignment of error, however, the Lexington and Reliance policies can not be construed to protect the same interest of the same insured, as required under the general rule governing contribution, and this should have been fatal, as a matter of law, to granting relief in Arkwright's favor. Under these circumstances, only one pivotal issue needs to be addressed to determine whether the trial court properly enforced a right of contribution in this case: whether Celotex, the named insured under the Lexington and Reliance policies, was also an insured under the Arkwright policy, thus rendering all the policies, in the posture of the claim for fire damage, ones that, in a meaningful sense, protected the same interest of the same insured (that being, in this instance, Celotex).
In our view, there is only one conclusion that may reasonably be drawn with respect to this issue: Celotex, although not a named insured under the Arkwright policy, was unquestionably accorded the status of an additional insured by the clear and unambiguous terms of the policy provisions recognizing additional interests and granting specific rights to loss payees other than the named insured, Leggett Platt. According to the policy, in a section entitled "Additional Interests," Celotex was specifically recognized as a "lender" having an interest under the policy in the fire-damaged building occupied by Leggett Platt. Having been granted the status of a "lender" in the eyes of the policy, Celotex acquired specific policy rights pursuant to a separate endorsement set out in what was denominated "Form 3111." Form 3111 explicitly provided for the payment of loss claims not only to the named insured, Leggett Platt, but also to a designated "lender" such as Celotex, under these terms:
 Loss, if any, under this Policy to property specified in the Additional Interests Section of this Policy shall be payable to designated Lenders * * * as their interest may appear. This insurance, as to the interest of the Lender only therein, shall not be invalidated by any act or neglect of the Debtor or Owner of the above described property [in this context, meaning Leggett Platt] * * * provided that in case the Debtor or Owner shall neglect to pay any premium due under this Policy, the Lender shall, on demand, pay the same.
The foregoing endorsement is commonly known, in the specialized parlance of the insurance industry, as a "standard" or "union" mortgage clause. Where, as here, such a clause is included in an insurance policy, we are persuaded that its effect in law is to make not only the named insured (in this case, Leggett Platt), but also the party designated as having an additional interest (in this case, Celotex), insured parties. See Keeton Widiss, Insurance Law (1988) 308, Section 4.2. It follows, then, for purposes of contribution, that the Arkwright policy protected the same interest of the same insured (Celotex) separately covered under the Lexington and Reliance policies. In sum, all the policies provided concurrent insurance for the benefit of Celotex with respect to the fire loss that occurred in this case, and there was an enforceable right of contribution to be recognized in favor of Arkwright against Lexington and Reliance after Arkwright indisputably paid in full for the building loss occasioned by the fire damage. (We note in this respect that certain payments came in the form of checks in which both Leggett Platt and Celotex were designated as payees.)
This leaves us only to acknowledge that both the Lexington and Reliance policies and the Arkwright policy purported by their respective terms to provide only excess insurance with respect to the fire loss in this case. That this did not itself defeat Arkwright's entitlement to contribution is made clear by the syllabus of Buckeye Union Ins. Co. v. State Auto Mut. Ins. Co.,supra, which holds that concurrent coverage exists with respect to policies insuring against the same risk even when each policy purports to provide only excess insurance. The first assignment of error is, accordingly, without merit.
In their second assignment of error, Lexington and Reliance assert that the trial court erred by awarding prejudgment interest to Arkwright. They advance three theories under which they believe the award was tainted: (1) they were not parties in privity with Arkwright; (2) their refusal to provide contribution was predicated upon an objectively reasonable belief that they had no legal obligation to do so; and (3) even if prejudgment interest was appropriate, it was calculated from the wrong date. No extended discussion is necessary to dispose of these arguments. Before filing this action, Arkwright requested contribution in amounts that were readily calculable based upon its full payment for the fire damage. The refusal of Lexington and Reliance to honor Arkwright's request can in no respect be considered objectively reasonable, when, under the clear terms of the respective policies and the applicable law, the duty to provide contribution was beyond dispute. And with respect to the date from which the interest was held to be due, it is clear, as the trial court ruled, that Lexington and Reliance owed a duty to provide contribution to Arkwright at a time distinctly in advance of the bringing of this action and the court's enforcement of what was, under the circumstances, such an obvious right. The second assignment of error is not well taken.
We hereby affirm the judgment of the court of common pleas.
Judgment affirmed.
HILDEBRANDT, P.J., SUNDERMANN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.